## HARTLEY v. ATLANTIC COAST LINE R. CO.

### No. 13654.

United States Court of Appeals
Fifth Circuit.

March 4, 1952.

Sam E. Murrell, Orlando, Fla., for appellant.

Edward K. Goethe, LeRoy B. Giles and David W. Hedrick, all of Orlando, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

Ethel Ladd Hartley, as administratrix of the estate of John Edgar Hartley, deceased, brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., seeking the recovery of damages for the fatal injury sustained by the decedent as a result of being hit by appellee's locomotive. The appellant alleged that the appellee negligently ordered the decedent to walk across a slippery platform near a moving train; negligently failed to furnish the decedent with a safe place to work; negligently permitted its locomotives to run in a manner contrary to the ordinances of the City of Orlando, Florida; and negligently failed to provide a block signal system at its railroad depot. The appellee denied the alleged acts of negligence, and claimed that the decedent's negligence was the sole proximate cause of the injury; it also filed a motion for summary judgment against appellant, and supported its motion with the affidavits of seven eyewitnesses to the accident. Appellant filed two affidavits in support of her complaint, neither of which was from an eyewitness to the accident.

The substance of the affidavits was to the following effect: On June 11, 1949, at about 12:30 P.M., appellee's train was making a station stop at Orlando, Florida; a light rain was falling; and John Edgar Hartley, who was employed by appellee as a clerk-telegrapher, was standing under the covered concourse waiting to go out and hand up train orders, as he had done many times before. As the train approached, he waved his train-order hoop at the engineer and fireman, which was his customary way of signalling that he had train orders. When the train approached nearer, Hartley started for the track at a trot or fast walk, carrying the train-order hoop in his hand. Instead of stopping short of the track and getting into position to hand up the train orders, he continued to run onto the track. Suddenly realizing his dangerous position, he turned toward the oncoming train, which by this time was within a few feet of him, then threw up his hands as if attempting to hold off the engine. Instantly he was knocked down, dragged beneath the train, and killed. One of appellant's affidavits stated that there was oil or creosote, or some other substance, on the walkway over which Hartley passed to reach the tracks; but the eyewitnesses to the accident stated that he did not slip, stumble, or fall, into the pathway of the train. The trial court found that there was no genuine issue as to any material fact, and granted the motion for summary judgment.

Appellant contends that the trial court erred, in that there was a conflict in the affidavits submitted by the appellee as to whether the decedent slipped or stumbled into the path of the train; that there was a genuine issue of fact as to the speed of the train; and that appellant's other allegations of acts of negligence were not controverted by any of the affidavits.

Upon a thorough examination of all of the affidavits, we agree with the court below that the eyewitnesses to the accident were all in agreement that Hartley did not slip, stumble, or fall, into the path of the train, but ran onto the track. As to the other specifications of error relied on by appellant, we fail to find any evidence in any of the affidavits which tends to establish that the speed of the train, lack of train signals, oil or creosote on the walkway, or weather conditions, had any connection with the accident. See Moore v. Chesa-

peake & Ohio Ry. Co., 4 Cir., 184 F.2d 176. There being uncontroverted evidence that the decedent was aware of the approach of the train, and that he ran onto the tracks in the path of the train, it logically follows that his own negligent act was the sole proximate cause of his injury. Therefore, we think, the judgment appealed from was correct and should be affirmed.

Affirmed.